UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RUSSELL W. BRADLEY,

    Plaintiff,

v.                                                Case No. 3:19cv567-RV-HTC

BRANDON M. GODFREY,
DEPUTY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 on or about April 11, 2019. ECF Doc. 1. On June 24, 2019, the Court conducted an initial screening of the complaint and entered an Order allowing Plaintiff an opportunity to amend the complaint within thirty (30) days. ECF Doc. 6. On July 26, 2019, the Court gave Plaintiff fourteen (14) days to show cause why the case should not be dismissed for failure to prosecute or failure to comply with a Court order. ECF Doc. 7. On August 9, 2019, Plaintiff filed an incomprehensible document titled "Notice of Change of Address of Plaintiff," which did not contain a change of address, but instead included an "information referral," an arrest report from December 27, 2018 from the Escambia County Sheriff's Office, a power of attorney and a "complaint against a judge." ECF Doc. 8. Plaintiff's submission

wholly failed to address the Court's show cause order. ECF Doc. 8. Thus, on August 14, 2019, the Court gave Plaintiff another fourteen (14) days to either file a notice of voluntary dismissal or an amended complaint in compliance with the Court's June 24 Order. ECF Doc. 9.

Plaintiff filed an amended civil rights complaint on or about August 29, 2019. ECF Doc. 10. The undersigned has screened the amended complaint and respectfully recommends that Plaintiff's claims against Defendants be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted.

## I.  Background

Plaintiff is an inmate incarcerated at Escambia County Jail. His amended complaint names the following defendants: (1) Deputy Brandon M. Godfrey, described as "very dirty bad guy with a badge"; (2) Judge Joyce Williams, identified as "Dirty $Bad Judge," (3) Judge Jennifer Frydrychowicz, described as "bad judge"; (4) and Roy Jones Jr., described as "$BAGMAN$". ECF Doc. 10 at 1-2. Plaintiff also identifies Johnesia Mathis in the case style, but fails to name Mathis in the listing of defendants.

As an initial matter, Plaintiff's Amended Complaint is almost entirely incomprehensible and illegible. In his statement of facts, Plaintiff incoherently alleges "deputies" have arrested him many times in his house and hotel room for

trespassing; and that "dumb deputies arrested" Brian Hooper. ECF Doc. 10 at 4. He claims, "Judge Frydrychowicz & [sic] her nefarious co conspirator [sic] [apparently Judge Williams]" murdered his babies. ECF Doc. 10 at 4. Plaintiff also claims he's been "abused" by "deputies," "a vile bad judge," and "[the] public defender"; and that all of these Defendants violated their fiduciary duty in bad faith to hurt him illegally. Additionally, Plaintiff claims that Judges Frydrychowicz and Williams are nefarious, abhorrent, treasonous, disgraces to the bench. Plaintiff claims, he is being kept in duress and that he is in "extra peril."

Plaintiff alleges Judges Frydrychowicz and Williams violated their sacred oaths, the Ten Commandments, the Florida Rules of Criminal Procedure, double jeopardy, their fiduciary duties, his civil rights, and his right to proceed pro se. Also, Plaintiff alleges they falsely imprisoned him, committed crimes of moral turpitude, abused their positions, and misused special skills. Plaintiff alleges that Defendant Godfrey violated Plaintiff's civil rights by arresting him in "his" hotel room. Plaintiff alleges that both an unnamed public defender and an unnamed prosecutor committed crimes of moral turpitude and violated his civil rights. Finally, Plaintiff alleges that unnamed deputies, an unnamed judge, and an unnamed public defender committed intentional torts and crimes of moral turpitude.

The entirety of Plaintiff's "statement of claims," reads as follows: "The derelict deputy Brandon Godfrey and his fellow nasty thugs with badges violated

my civil rights intentionally violently tortuously tortuously and feloniously and also did violate the civil rights of billionaire Fred H. Dierks and born great grandson and heir Mr. Hooper in his/my /our Candlewood Hotel Room & worse the dishonorable Judge Williams and Frydrychowicz violated their fiduciary duty blatantly violating many of my civil rights!" ECF Doc. 10 at 5.

As relief, Plaintiff seeks the dismissal of Defendant Godfrey from law enforcement; the disbarment of Defendant Frydrychowicz, Defendant Williams, an unnamed public defender and an unnamed prosecutor; and monetary damages of $50 million.

Plaintiff's amended complaint contains no factual allegations or apparent causes of action as to Defendants Mathis or Jones.

## II. Analysis

### A. Standard of Review under 28 U.S.C. § 1915A and 1915(e)

Because Plaintiff is a prisoner and is also proceeding *pro se*, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same

standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (quoting *Iqbal*, 556 U.S. at 679).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283–84 (11th Cir. 2002).

### B. Plaintiff's Amended Complaint

In the initial screening of the complaint, the Court directed Plaintiff to clearly describe how each named defendant was involved in each alleged violation and to provide factual support for each alleged violation. ECF Doc. 6 at 17-18. The amended complaint fails to comply with the Court's June 24, 2019 Order and, even

when read liberally and in Plaintiff's favor, constitutes nothing more than a hodgepodge of nonsensical and inflammatory accusations that fail to support any cognizable claim against any defendant.

Plaintiff's claims against Judges Frydrychowicz and Williams -- alleging violation of judicial oaths, the Ten Commandments, the Florida Rules of Criminal Procedure, fiduciary duties, the right to proceed pro se, moral turpitude; abuse of position; and misuse of special skills -- are dismissed as insufficient to provide a basis for relief. *See Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570). These allegations are not cognizable claims for constitutional violations. Moreover, judges are absolutely immune from liability for conduct taken in carrying out their duties, provided such acts are not done in the "clear absence of all jurisdiction." *See e.g., Stump v. Sparkman*, 435 U.S. 349, 357 (1978). Plaintiff has failed to allege in any understandable form what he contends these judges did, much less allege that they acted without jurisdiction.

Plaintiff's attempt to assert a cause of action against Deputy Godfrey also fails. As stated above, Plaintiff alleges Godfrey violated Plaintiff's civil rights. Reading Plaintiff's complaint very liberally and in his favor, Plaintiff appears to be attempting to state a claim for false arrest or malicious prosecution. ECF Doc. 10 at 3. Plaintiff, however, has failed to allege any facts to support either claim. *See*

*Iqbal*, 556 U.S. at 678 (holding, Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (citations omitted).

The sole basis of Plaintiff's claim is that unnamed "dirty deputies" arrested him in his house and hotel room. These factual statements are not enough to support a claim for false arrest or malicious prosecution. *See Iqbal*, 556 U.S. at 678. Indeed, in Plaintiff's "notice of change of address" (ECF Doc. 8), Plaintiff included an arrest report from the Escambia County Sheriff's Office, signed by Godfrey. The arrest report stated that Bradley was arrested for trespassing at the Candlewood Suites Hotel after being approached by Godfrey, being asked to leave the hotel room, and failing to do so or follow the officer's commands. The arrest report goes on to state that the night manager of the hotel reported that the only registered guest for the hotel room was a Suzanne Hooper, that numerous unknown people were causing problems in the hotel room and lobby, that they were going into the break room and stealing food items, and that the manager wanted everyone evicted from the room. Additionally, the arrest warrant states that Officer Bradley observed drug paraphernalia in the room. ECF Doc. 8 at 4-5. The arrest report provides probable cause for the arrest, and Plaintiff has failed to state any facts to show otherwise. As

Plaintiff was instructed after the Court's review of Plaintiff's initial complaint, a claim for false arrest or malicious prosecution cannot be maintained if officers had probable cause to make the arrest. *See e.g., Hendricks v. Sheriff, Collier Cty.,* 492 F. App'x 90, 93 (11th Cir. 2012); ECF Doc. 6 at 4, 9.

Plaintiff's claim for money damages against Godfrey, in his official capacity, is further barred by the Eleventh Amendment. *See Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986) ("Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court."). A suit against a state employee in his or her official capacity is deemed a suit against the state for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that the Eleventh Amendment "will bar damage awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C.A. § 1983.").

Finally, as stated above, despite including Defendants Mathis and Jones in his amended complaint, Plaintiff has failed to state any causes of action or facts as to these defendants. In fact, Plaintiff has failed to identify what role these defendants played in his arrest or state whether these defendants are even state actors, as necessary to assert a constitutional violation against them. Thus, any claim against Mathis and Jones should be dismissed.

Case No. 3:19cv567-RV-HTC

Similarly, to the extent Plaintiff seeks relief against the unidentified "worse than worthless public defender and the prosecutor," those claims should also be dismissed as Plaintiff has failed to include any factual allegations against these unidentified parties or alleged any cognizable claim against them. As Plaintiff was previously advised, prosecutors are entitled to absolutely immunity and a public defender is not a state actor for purposes of a §1983 claim. ECF Doc. 6 at 14.

### III. Conclusion

For the reasons set forth above, Plaintiff's allegations against all Defendants should be dismissed. *See Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 714 (11th Cir. 2013) ("[W]hile *pro se* pleadings are liberally construed, 'this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'") (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)).

Moreover, Plaintiff has been given multiple extensions and opportunities to substantively amend his complaint to state a cause of action against Defendants and has continued to fail to do so. In fact, Plaintiff's amended complaint contains even less facts and more conclusory allegations and attacks than his initial complaint. Thus, an additional opportunity to amend would be futile.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

Done at Pensacola, Florida, this 10th day of September, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:19cv567-RV-HTC